```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

ANTHONY R. MAWSON                                    PLAINTIFF

VS.                           CIVIL ACTION NO. 3:11CV643TSL-MTP

MISSISSIPPI STATE DEPARTMENT
OF HEALTH                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Mississippi State Department of Health (MSDH) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Anthony R. Mawson opposes the motion, and the court, having considered the parties' memoranda, concludes that the motion should be granted.

Plaintiff, an epidemiologist who formerly worked at the University of Mississippi Medical Center (UMMC), filed suit against MSDH in state court on August 11, 2011.  The complaint alleges that after Mawson gave a statement to the Mississippi Legislature advocating the need for additional studies on vaccination safety in January 2009, the then State Health Officer Dr. Ed Thompson, now deceased, interfered with his position at UMMC, ultimately resulting in the non-renewal of his contract with UMMC.  On this factual basis, the complaint sets forth a putative federal claim for denial of plaintiff's First Amendment right to free speech and a putative state law claim for tortious

interference with employment and contractual relations.  Plaintiff seeks compensatory and punitive damages.  Defendant timely removed the action to this court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

By its motion, MSDH asserts that inasmuch as there is not, in the usual course, a direct cause of action arising under the Constitution, plaintiff's federal claim should have been brought via 42 U.S.C. § 1983.  See Hearth, Inc. v. Dep't of Pub. Welfare, 617 F.2d 381, 382-83 (5th Cir. 1980) (finding that the federal courts, and this circuit in particular, have been hesitant to find causes of action arising directly from the Constitution, and that 42 U.S.C. § 1983 provides the means for seeking relief against a state actor who violates the Constitution) (internal quotations omitted).  "Section 1983 provides a private right of action for damages to individuals who are deprived of 'any rights, privileges, or immunities' protected by the Constitution or federal law by any 'person' acting under the color of state law."  Stotter v. Univ. of Texas at San Antonio, 508 F.3d 812, 821 (5th Cir. 2007) (quoting 42 U.S.C. § 1983).  Here, MSDH correctly points out that because, as a state agency, it is not a "person," it is not subject to liability under § 1983.  See Will v. Michigan State Dep't of Police, 491 U.S. 58, 71 & n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding with regard to suits for monetary damages, "neither a state or persons acting in their official

capacities are 'persons' under § 1983"); Cronen v. Texas Dept. of Human Servs., 977 F.2d 934, 936 (5th Cir. 1992) ("The state and the agency properly argue that they are not 'persons' for purposes of liability under 42 U.S.C. § 1983 (1988).").

    For his part, plaintiff does not dispute any of the foregoing, and affirmatively maintains that he has not purported to allege a claim under § 1983 in recognition of the fact that MSDH is not a "person" under § 1983. He, instead, argues that because Dr. Thompson is deceased and he thus has no alternative avenue of redress for his injuries, "this case is in line with the cases where the Supreme Court has implied a right of action directly under the Constitution." In this regard, plaintiff is simply incorrect. Initially, the court is not persuaded that suing MSDH, a state agency, was plaintiff's only avenue to redress his alleged injuries. See, e.g., Sorens v. Estate of Mohr, No. Civ.A. H-05-1195, 2005 WL 1965957 (S.D. Tex. Aug. 16, 2005) (denying the defendant Estate's motion to dismiss the plaintiff's § 1983 claim for violation of his constitutional rights for failure to state a claim). Further, the three cases cited by plaintiff in support of his argument that the court should deviate from well-established law and find the right to a direct action under the Constitution against the State, do not support this proposition. In none of the cases did the Supreme Court imply a direct action under the Constitution against the State or even the

federal government; rather, in each of the cases cited by plaintiff, the Court allowed a direct action under the Constitution against a federal actor sued in his individual capacity.  See <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (allowing direct action for constitutional violations against defendant federal prison guards in individual capacities); <u>Davis v. Passman</u>, 442 U.S. 228, 245, S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979) (allowing plaintiff to assert direct right of action under the Fifth Amendment against Congressman in his individual capacity); <u>Carlson v. Green</u>, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980) (allowing administratix of decedent's estate to maintain both a <u>Bivens</u> action against defendants in individual capacity and claim under the FTCA).  There is no basis for allowing a direct action under the Constitution against the State and defendant's motion will be granted.

Based on the foregoing, it is ordered that defendant's motion to dismiss is granted.[1]

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 6th day of December, 2012.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] In his response to the motion, plaintiff conceded his state law claim for tortious interference with contractual relations.

4